No. 210
WILLEY Exr. v MARGARET WILLEY
Ohio Appeals, 5th Dist, Licking Co.
Decided Nov. 26, 1924.

118.—AUTOMOBILES—Failure to obtain bill of sale does not void gift or sale, if otherwise lawful.

HOUCK, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Replevin on the following agreed statement of facts:

"That on December 20, 1923, John H. Willey, the decedent, purchased a Ford Sedan auto-

## STATE COURT OF APPEALS—Continued

mobile from the A. P. Hess Co. of Newark, and that on said date a bill of sale was executed and delivered to John H. Willey; that John H. Willey at no time from that date until the date of his death executed and delivered to the defendant, Margaret Jane Willey, a bill of sale for said sedan automobile, but that on December 25, 1923, John H. Willey gave said automobile to his wife, the defendant herein, and so stated to various parties, but gave no bill of sale for the same; that on March 9th, 1924, John H. Willey died, but previous to that time, on February 27, 1924, he made a will in which said automobile was not mentioned. It is admitted by the plaintiff that the defendant is the owner of said automobile, unless the failure to give a bill of sale by the decedent to defendant, makes said ownership still in the estate."

In the lower court judgment was rendered for the wife Margaret. On error the appeals court affirmed the judgment, holding:

1. 6310-3 G. C. does not render a gift or purchase void between the parties on account of failure to obtain a written bill of sale, if the sale is otherwise lawful and the rights of third parties do not interfere.

2. The case of Ohio Farmers' Insurance Co. vs. Todino, 2 Abs. 644; 11 OS. 191, is disporter of Nov. 10, 1924, page 191-2, is distinguished on the grounds that the contractual rights of the insurance company intervene.

Attorneys—L. C. Russell and E. S. Randolph for A. T. Willey; Fitzgibbon, Montgomery and Black for Margaret Willey; all of Newark.